# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20124
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2014

Lyle W. Cayce
Clerk

ROY E. DAVIS,

Plaintiff−Appellant,

versus

BRENDA HOUGH; BETTY WILLIAMS,

Defendants−Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1672

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Roy Davis, Texas prisoner # 1416976, proceeding *pro se,* appeals the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment dismissing his 42 U.S.C. § 1983 action. He contends that he was denied medical care when the defendants treated him with antibiotics instead of sending him to an outside medical facility for a sonogram and that the delay resulted in the eventual removal of a testicle.

We review a summary judgment *de novo*, employing the same standard as did the district court. *Carnaby v. City of Hous.,* 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Davis was examined on May 19, 2009, and was diagnosed with orchitis and treated with antibiotics. He was again examined on June 3, 2009, and, based on his symptoms, was transferred to an outside medical facility for a sonogram, which revealed that a testicle needed to be removed. Davis has failed to establish a genuine dispute of material fact with respect to deliberate indifference, which requires a showing that defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001) (citation and internal quotation marks omitted). Davis has not established an unconstitutional denial of medical care. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Because he has failed to demonstrate a violation of his rights under the Eighth Amendment, we need not conduct a qualified-immunity analysis. *See Lytle v. Bexar Cnty., Tex.*, 560 F.3d 404, 410 (5th Cir. 2009).

The summary judgment is AFFIRMED. Davis's motion for leave to file his reply brief out of time is GRANTED.